UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOSTER POULTRY FARMS, et al., | ) | 1:04cv5930 REC DLB |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| Plaintiffs, | ) | DENYING IN PART DEFENDANTS' |
| | ) | MOTION TO COMPEL |
| v. | ) | |
| | ) | (Document 137) |
| AISLIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants American International Specialty Lines Insurance Company ("AISLIC") and AIG Technical Services (collectively "Defendants") filed the instant motion to compel on July 12, 2005. The parties filed their joint statement pursuant to Local Rule 37-251 on August 9, 2005. The motion was heard on August 12, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. David M. Chaiken and Nathaniel R. Spencer-Mork appeared on behalf of Plaintiffs Foster Poultry Farms and Foster Dairy Farms ("Plaintiffs"). James P. Wagoner and Anthony L. Osborn appeared on behalf of Defendants.

**BACKGROUND**

Plaintiffs filed this action in the Fresno County Superior Court on May 28, 2004. Defendants removed the case to this Court on July 6, 2004.

On September 23, 2004, Plaintiffs filed a First Amended Complaint ("FAC"). The allegations in the FAC arise out of an Employment Practices Liability Policy issued to Plaintiffs by AISLIC. Plaintiffs contend that Defendants engaged in a wrongful pattern of obstruction, designed to delay payment of a claim covered by the policy. Plaintiffs state causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, intentional interference with contract, and conspiracy.

Defendants filed the instant motion to compel on July 11, 2005, requesting that the Court compel answers to Defendants' First Set of Requests for Production and Interrogatories served on November 2, 2004.

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides:

> 1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

B. <u>Discovery At Issue</u>

  1. *Other "Claims Made" Type Policies*

Request for Production Number 6 requests information relating to "claims made" type policies issued to Plaintiffs any time between January 1, 1980 through March 11, 2002. Defendants contend that this information is necessary to determine (1) Plaintiffs' understanding of how "claims made" policies work, so as to defend against Plaintiffs' fraud claim; and (2) whether Plaintiffs should have sought coverage under another policy.

Plaintiffs initially refused to provide a response, arguing in part that such information is not relevant to any claim or defense asserted in this action. During the meet and confer process, Plaintiffs agreed to produce all employment practice liability policies procured by Plaintiffs, but

continue to argue that *all* "claims made" type policies have no bearing on the employment discrimination claims made by the *Parker*[1] plaintiffs in the underlying action.

While employment practice liability policies are relevant and discoverable, Plaintiffs correctly argue that "claims made" type policies issued to Plaintiffs any time between January 1, 1980 through March 11, 2002 are not relevant to any claim or defense in this action. Plaintiffs' allegations of fraud are general in nature, i.e., that Defendants never intended to uphold the insurance contract. Plaintiffs' understanding of how other "claims made" type policies work is therefore of little value at this point in time. Defendants' motion to compel a further response to Request for Production Number 6 is DENIED.

2.     *Other Administrative Complaints of Plaintiffs' Employees*

Requests for Production Numbers 8, 9, 10, and 11 request production of all complaints filed by Plaintiffs' employees with various state and federal agencies between January 1, 1990 and March 11, 2002. Request for Production Number 13 is a much broader request, requesting all documents regarding formal or informal complaints of discrimination made against Plaintiffs by employees, former employees or applicants, during the period January 1, 1990 through March 11, 2002. Defendants contend this information is necessary to (1) determine whether Plaintiffs knew of existing discrimination claims at the time they entered into the policy at issue, which may support a fraud in the procurement/recision claim; and (2) determine whether California Insurance Code section 533, which precludes an insurer's liability for the insured's willful acts, applies.

Plaintiffs agreed to produce all responsive complaints of discrimination against Plaintiffs filed between January 1, 1997 and March 11, 2002 by the *Parker* plaintiffs. Plaintiffs contend that other complaints are not relevant to this action and that the request was designed to harass and oppress.

---

[1] The underlying matter which gave rise to the instant action, Parker v. Foster Farms, was an employment discrimination case filed in Fresno County Superior Court in March 2002 in which the plaintiffs alleged widespread racial discrimination by Foster Farms. The case was eventually settled in December 2002.

During the meet and confer process, Defendants agreed to limit their request to complaints of racial discrimination.

As to Request for Production 8, 9, 10 and 11, Defendants' motion to compel is GRANTED as such information is relevant to the atmosphere of discrimination at Foster Dairy Farms during the relevant time period. However, the requests are currently too broad. Rather than complaints based on *all* types of discrimination made by *all* of Plaintiffs' employees, Defendants are entitled to complaints of racial and/or ethnic discrimination made by employees at the dairy where the *Parker* plaintiffs were employed, during the period 1994 through 2002.

Regarding Request for Production 13, the request is simply too broad. Defendants' motion to compel a response to Request for Production Number 13 is GRANTED in part Defendants are entitled to written complaints of racial and/or ethnic discrimination made by employees at the dairy where the *Parker* plaintiffs were employed, during the period 1994 through 2002.

3.   *Dispute over Number of Interrogatories*

Plaintiffs refused to respond to Interrogatories Numbers 19, 20, 21, 22, 23, 24 and 25 in part because they exceeded the 25-interrogatory limit under Federal Rule of Civil Procedure 33(a).

Seven of Defendants' interrogatories (Numbers 1, 3, 5, 12, 19, 20, and 25) contain subparts (a) through (c), requesting that (a) Plaintiffs state all facts supporting the contention, (b) identify persons with knowledge of such facts, and (c) identify the documents and other tangible things that support the contention. Assuming all subparts are separate, Defendants have propounded 39 interrogatories.

Federal Rule of Civil Procedure 33(a) provides that the number of written interrogatories, "including discrete subparts," may not exceed 25 without leave of court or written stipulation. As the parties acknowledge, there is no bright-line test to determine whether a subpart is part of the original interrogatory or whether it should be counted as a separate interrogatory. See eg. Safeco

of American v. Rawstron, 181 F.R.D. 441, 443 (C.D.Cal. 1998) (interrogatory subparts are counted as part of one interrogatory so long as they are "logically or factually subsumed within and necessarily related to the primary question");Kendall v. GES Exposition Serv. Inc., 174 F.R.D. 684, 686 (D. Nev. 1997) (calling a "subpart" asking for documents related to the question a "fugitive request for production of documents").

A review of the interrogatories at issue reveals that Numbers 1, 3, 5, 12, 19 and 20, each count as one interrogatory, despite their subparts. The Court reaches this conclusion because in answering subpart (a), Plaintiff must necessarily review the issues in (b) and (c). For example, in stating all facts that support Plaintiffs' contention that the claims of the *Parker* plaintiffs constituted one "claim" under the policy at issue (subpart (a)), Plaintiffs must necessarily review the individuals with knowledge of the facts (subpart (b)) and documents in support of their position (subpart (c)). In other words, the only additional work required of Plaintiffs is to list the information they have already reviewed in preparing their response to subpart (a). Defendants motion to compel responses to Interrogatories Numbers 19, 20, 21, 22, 23 and 24 is GRANTED.

The Court will not, however, grant the motion as to Interrogatory Number 25. Separate from the subpart issue, Number 25 is simply too broad as it essentially asks Plaintiffs to state their entire case against Defendants. See eg. Safeco of America v. Rawstron, 181 F.R.D. 441, 447-448 (C.D. Cal. 1998) (explaining that interrogatories that require a party to provide an "inventory of evidence" which it would offer at trial add a significant and reasonable burden to the task of the answering party). Accordingly, Defendants' motion to compel a response to Interrogatory No. 25 is DENIED.

4.  *Identify Facts Witnesses Know*

Interrogatories Numbers 1(b), 5(b) and 12(b) request that Plaintiffs "identify all persons with knowledge of any such fact" identified in response to 1(a), 5(a) and 12(a). In response, Plaintiffs identified witnesses, but did not "connect" the witnesses with any facts.

Defendants contend that without such a "connection" between the individuals and the facts they possess, they may be forced to unnecessarily depose numerous individuals who possess little

5

or none of the information Defendants seek.  Defendants specifically seek to discover the information possessed by the following individuals with which it cannot communicate:

1. six current or former employees of Plaintiffs (Dennis Bettencourt, Luis Miranda, Cliff Oilar, Regina King, Gene Simpson and Sharron Mills-Walk);

2. two Heller Ehrman attorneys who defended Plaintiffs in the *Parker* action (Patricia Gillette and Andrew Livingston); and

3. Plaintiffs' local counsel in Fresno, Jeffrey Kane.

First, and as the Court explained during the hearing, Defendants did not ask Plaintiffs to connect the identified individuals with the facts they possess.  The Court will not find an implied request to do so.  Second, Defendants possess sufficient information in connection with this action and the underlying *Parker* matter to determine, with a reasonable amount of certitude, the facts possessed by each identified individual.  Accordingly, Defendants' motion to compel further responses to Interrogatories Numbers 1(b), 5(b) and 12(b) is DENIED.

**ORDER**

Defendants' motion to compel responses to Request for Production Numbers 8, 9, 10, 11, 13 and Interrogatories Numbers 19, 20, 21, 22, 23 and 24 is GRANTED.  Plaintiffs shall provide responses, to the extent explained above, within ten (10) days of the date of service of this order.

Defendants' motion to compel responses to Request for Production Number 6 and Interrogatories Numbers 1(b), 5(b), 12(b) and 25 is DENIED.

IT IS SO ORDERED.

Dated: __August 16, 2005__        __/s/ Dennis L. Beck__
3b142a                              UNITED STATES MAGISTRATE JUDGE