# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOSTER POULTRY FARMS, et al., | ) | 1:04cv5930 REC DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| Plaintiffs, | ) | DENYING IN PART PLAINTIFFS' MOTION |
| | ) | TO COMPEL FURTHER RESPONSES TO |
| v. | ) | REQUEST FOR PRODUCTION OF |
| | ) | DOCUMENTS AND INTERROGATORIES |
| | ) | |
| AISLIC, et al., | ) | (Document 130) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Foster Poultry Farms and Foster Dairy Farms ("Plaintiffs") filed the instant motion to compel further responses to interrogatories and production of documents by defendants American International Specialty Lines Insurance Company ("AISLIC") and AIG Technical Services (collectively "Defendants") on July 11, 2005. The parties filed their joint statement pursuant to Local Rule 37-251 on August 9, 2005. The motion was heard on August 12, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. David M. Chaiken and Nathaniel R. Spencer-Mork appeared on behalf of Plaintiffs. James P. Wagoner and Anthony L. Osborn appeared on behalf of Defendants.

**BACKGROUND**

Plaintiffs filed this action in the Fresno County Superior Court on May 28, 2004. Defendants removed the case to this Court on July 6, 2004.

On September 23, 2004, Plaintiffs filed a First Amended Complaint ("FAC"). The allegations in the FAC arise out of an Employment Practices Liability Policy issued to Plaintiffs by AISLIC. Plaintiffs contend that Defendants engaged in a wrongful pattern of obstruction, designed to delay payment of a claim covered by the policy. Plaintiffs state causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, intentional interference with contract, and conspiracy.

Plaintiffs filed the instant motion to compel on July 11, 2005, requesting that the Court compel answers to Plaintiffs' First Set of Requests for Production and Interrogatories served on February 7, 2005.

## DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides:

> 1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

**B.    Discovery At Issue**

  **1.    Requests for Production of Documents**

   **a.    AISLIC's Responses and Objections to Foster Dairy Farms' Request Nos. 2, 27, 30, 33, 36, 39 (Personnel/Organizational Charts)**

While AISLIC initially refused to produce personnel/organizational documents in response to request numbers 2, 27, 30, 33, 36 and 39, AISLIC has now agreed to produce the requested documents. The Court will adopt AISLIC's agreement as its Order.

   **b.    AISLIC'S Responses and Objections to Foster Dairy Farms' Request Nos. 4-8 (Policy Interpretation and Drafting History Documents)**

Request numbers 4-8 seek documents regarding the meaning, interpretation, application, development and drafting of certain terms or provisions used in the Policy. Plaintiffs argue these documents are discoverable because courts consider evidence such as drafting history materials and insurer interpretive materials in interpreting and applying insurance policy language. <u>See, e.g., Montrose Chemical Corp. v. Admiral Ins</u>. Co., 10 Cal. 4th 645, 670 (1995) ("Such interpretative materials have been widely cited and relied on in the relevant case law and authorities construing standardized insurance policy language").

AISLIC argues the requested information is irrelevant because Plaintiffs have not alleged that the subject AISLIC policy is ambiguous. AISLIC argues that the parties dispute coverage under the AISLIC policy with respect to the factual allegations of the *Parker* plaintiffs and the subsequent settlement of the *Parker* lawsuit but Plaintiffs have not asserted that any ambiguity exists with respect to the relevant terms of the AISLIC policy. Notwithstanding these objections, AISLIC has agreed to produce documents responsive to Request Number 8, however AISLIC has not located any responsive documents to date despite reasonable efforts.

Plaintiffs' motion to compel further responses to request numbers 4 through 8 is GRANTED. Even though there is no contention that the terms of the policy are ambiguous, the parties' understanding of the terms is relevant. Further the parole evidence rule does not operate as a bar to discovery. While the Court agrees that the principals of the parole evidence rule should be applied in determining the scope of permissible discovery to prevent the production of documents which are wholly irrelevant, AISLIC's understanding and interpretation of key terms in the policy are relevant to the claims and defenses in this lawsuit where the parties contest the meaning of the policy terms.

    **c.**    **AISLIC's Response and Objections to Foster Dairy Farms' Request No. 20 (Document Retention Policies and Procedures)**

AISLIC has agreed to produce documents responsive to request number 20 which seeks documents relating to or constituting AISLIC's policies, procedures or guidelines respecting document retention, management, or destruction in effect since 1999. However, to date, AISLIC

has not been able to locate any such documents despite reasonable efforts.  To the extent relevant documents are located, they will either be produced or, if privileged, added to Defendants' privilege log in this matter.

### d. AISLIC's Responses and Objections to Foster Dairy Farms' Request Nos. 21 and 44 (Documents Regarding Similar Claims by Other Policyholders)

Plaintiffs contend that information regarding AISLIC's handling and disposition of similar claims by other policyholders is relevant to AISLIC's interpretation and application in similar instances of the various terms and provisions of the Policy.  Plaintiffs also argue that similar claims evidence may be relevant to show that AISLIC has engaged in a pattern and practice of bad faith claims-handling and further that a party's lack of organization and file management do not relieve that party of the obligation to respond to discovery.

AISLIC argues that while some courts have allowed narrowly tailored discovery into claims handling materials of sufficiently similar claims after a proper showing of relevancy to the particular case at issue, Plaintiffs have failed to make such a showing in this case.  In addition, AISLIC argues the burden which AISLIC would endure to locate such documents, if any, would substantially outweigh any speculative, potential relevance such documents might possess. AISLIC contends that it would be overly burdensome for them to review their file materials for documents responsive to these requests and the time and expense would be tremendous. AISLIC represents that it would cost over $6,000,000 and thousands of labor hours to go through all of the claims files potentially implicated by these requests.  Given their system of file retention and archives, the location of closed files would have to be researched on databases. AISLIC represents that there are approximately 18,850 files potentially implicated by the requests.

The Court rejects AISLIC's contention that the requested discovery is not relevant to the claims or defenses in this action.  However, the Court is mindful and concerned about the potential burden involved in responding to the requests.  The Court requires further information

to properly evaluate the alleged burden and therefore will order AISLIC to provide further information in the form of a declaration from the systems manager regarding the data elements and the searchability of the system. AISLIC shall provide this supplemental declaration to the Court no later than August 24, 2005.

    e.    **AISLIC's Response and Objections to Foster Dairy Farms' Request No. 23 (Documents Regarding Loss Reserves)**

Plaintiffs argue documents relating to loss reserves AISLIC set for the *Parker* claim are relevant to third-party coverage and bad faith issues. See American Protection Ins. Co. v. Helm Concentrates, Inc., 140 F.R.D. 448, 449-450 (E.D. Cal. 1991). Because AISLIC denied coverage and refused to defend or settle the Parker action, Plaintiffs argue the reserve information is relevant to AISLIC's bad faith.

AISLIC argues that Federal Courts across the country have repeatedly refused to compel discovery of loss reserves as work product. See Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 139 F.R.D. 609, 613 (E.D. Pa. 1991); Independent Petrochemical Corp. v. Aetna Casualty & Surety Co., 117 F.R.D. 283, 288 (D.D.C. 1986). AISLIC also argues that information regarding loss reserves is irrelevant in that the establishment of reserves is an appropriate business decision justified by the necessity of preserving financial stability in the event of liabilities which cannot be predicted with any degree of certainty and reserves do not represent an admission or evaluation of liability and are irrelevant to the issues between insurer and insured.

Plaintiffs' motion with regard to Request Number 23 is DENIED. As the Court stated at the hearing, the amount of reserves is set, in part, by statute and does not necessarily reflect the insurer's estimate of the merits of the claim. This information is therefore irrelevant especially where, as here, the duty to defend had not yet arisen. In American Protection Insurance Company v. Helm Concentrates, Inc., 140 F.R.D. 448 (E.D. Cal. 1991), this Court held that reserve information was not discoverable. The Court agreed with the distinction under California Law between first party and third party liability policies with respect to the issue of bad faith and noted that reserve information may be relevant in considering whether an insurer acted in bad

faith in denying its duty to defend under a "third party" liability policy. Here however, the duty to defend did not arise until Plaintiffs exhausted its self insured retention which had not occurred at the time the case was settled and therefore evidence of loss reserves to establish bad faith in denying a defense is irrelevant to the current dispute.

    **f.    AISLIC's Response and Objections to Foster Dairy Farms' Request No. 24 (Reinsurance Documents)**

AISLIC has agreed to produce documents relating to reinsurance purchased by AISLIC that is applicable or potentially applicable to the Parker claim. However, to date, AISLIC has not located any documents responsive to Request Number 24.

    **g.    AISLIC's Response and Objections to Foster Dairy Farms' Request No. 40 (Documents Concerning Contingent Commissions)**

Request Number 40 seeks documents relating to any contingent commission or similar agreement between AISLIC or its affiliates and Marsh &McLennan Companies, Inc., the insurance broker which obtained the Policy. At the hearing, Plaintiffs agreed to withdraw their motion as to this request.

    **2.    <u>Interrogatories</u>**

    **<u>a.    AISLIC's Responses and Objections to Foster Dairy Farms' Interrogatory Nos. 3-12 (Interpretation of Certain Policy Terms and Provisions)</u>**

Foster Farms claims that AISLIC's interpretation of the terms and provisions in the insurance policy it drafted and sold to Foster Farms are relevant to show, among other things, (1) how the terms of the Policy should be applied to the facts of the Parker claim; (2) whether AISLIC's actions with respect to the Parker claim were (and are) consistent with the Policy; and (3) whether AISLIC's construction of the Policy and its actions are reasonable and consistent with its duties of good faith and fair dealing toward Foster Farms.

Defendants argue that Interrogatory Nos. 3-12 improperly call for legal conclusions and while the Federal Rules allow some interrogatories which call for opinion answers,

interrogatories as here, which do not specify sufficient facts to apply or interrogatories calling for opinions when the underlying facts are insufficiently developed are objectionable because they call for answers which are pure conclusions of law.  See O'Brien v. International Brotherhood of Electrical Workers, 443 F. Supp. 1182, 1187-1188 (N.D. Ga. 1977) (contention interrogatory seeking "pure legal conclusions which are related not to the facts" outside permissible scope of Rule 33); Kendrick v. Sullivan, 125 F.R.D. 1, 3 (D.D.C. 1989) (answer to contention interrogatory without developed factual record "would necessarily amount to free-form legal essays" outside scope of Rule 33); Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (failing to propound interrogatory requiring application of law "to the facts peculiar to this case to clarify [party's] legal theories" resulted in impermissible hypothetical question under Rule 33); McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 59-60 (E.D. Pa. 1979) (requiring contention interrogatory to be "phrased with particularity" to allow party to answer "meaningfully"); Lumbermen's Mut. Casualty Co. v. Pistorino & Co., 28 F.R.D. 1, 2 (D. Mass. 1961) (only requiring party to answer interrogatory with facts to avoid conclusions of law).

Interrogatory Numbers 3 through 12 do not seek solely legal conclusions but rather ask whether certain facts are within defined terms of the policy.  In general, the interrogatories are appropriately designed to narrow the issues in this case and are permissible under the Federal Rules.  See Fed.R.Civ.Proc. 33(c)).  AISLIC is therefore ordered to respond to Interrogatory Numbers 3, 6, 7, 10 and 11.  However, Interrogatory Numbers 4, 5, 8 and 9 are redundant and therefore Plaintiffs' motion with respect to these interrogatories is DENIED.  As a result of the parties' discussions at the hearing, Plaintiff is granted leave to amend Interrogatory Number 12 and AISLIC will be granted 10 days thereafter to respond.

**b.     AISLIC's Response and Objections to Foster Dairy Farms' Interrogatory No. 15 (Actions of Claims Personnel)**

Interrogatory Number 15 seeks a narrative account of the actions AISLIC's claims-handling personnel took in investigating, evaluating and rendering a disposition with respect to the *Parker* claim.  Plaintiffs argue the facts underlying AISLIC's handling of the *Parker* claim are

relevant to their claims for breach of contract and breach of the implied covenant and further that AISLIC's deficient document production casts considerable doubt on the reasonableness of AISLIC's efforts to investigate or evaluate the facts underlying Foster Farms' claim before rejecting it, making an answer to this interrogatory important to the case.

AISLIC argues it is not their duty to conduct Plaintiffs' discovery and further these questions can be posed to AISLIC representatives at their depositions.

At the hearing, counsel represented that AISLIC has only identified two (2) individuals (other than counsel and Foster Farms employees) who acted on behalf of AISLIC with respect to this claim, both of whom depositions are scheduled. Given the level of detail that will be required to make any responses by AISLIC at all helpful, and the limited number of individuals involved, the questions are more appropriately posed to the individuals at their depositions. Plaintiffs' motion with respect to Interrogatory Number 15 is therefore denied.

## ORDER

Based on the foregoing, Plaintiff's motion to compel further responses to Request for Production Numbers 2, 4-8, 20, 24, 27, 30, 33, 36 and 39 is GRANTED. AISLIC shall provide further responses, consistent with this Order, within ten (10) days of service of this Order. With respect to Request Numbers 21 and 44, on or before August 24, 2005, AISLIC shall provide a declaration from its systems manager regarding the data elements and the searchability of their system so that the Court may further evaluate the burden of this request. Plaintiffs' motion to compel further responses to Request for Production Numbers 23 and 40 is DENIED.

Plaintiffs' motion to compel further responses to Interrogatories Numbers 3, 6, 7, 10 and 11 is GRANTED. AISLIC shall provide further responses within ten (10) days of this Order.

///

///

///

1  Plaintiffs' motion to compel further responses to Interrogatory Numbers 4, 5, 8, 9 and 15 is
2  DENIED.  Plaintiffs are granted leave to amend Interrogatory Number 12.  Plaintiffs shall serve
3  the amended interrogatory on AISLIC on or before August 24, 2005 and AISLIC shall respond
4  within ten (10) days.

5      Plaintiff's request for sanctions is DENIED.

6     IT IS SO ORDERED.

8     **Dated:   August 22, 2005**                     **/s/ Dennis L. Beck**
   3b142a                                                   UNITED STATES MAGISTRATE JUDGE