1  MARTIN H. MYERS (Bar No. 130218)
2  DAVID M. CHAIKEN (Bar No. 230619)
   NATHANIEL R. SPENCER-MORK (Bar No. 226886)
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, CA  94104-2878
5  Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
6
7  Attorneys for Plaintiffs
   FOSTER POULTRY FARMS and
8  FOSTER DAIRY FARMS

9  JAMES P. WAGONER (Bar No. 058553)
10 ANTHONY L. OSBORN (Bar No. 216611)
   McCORMICK, BARSTOW, SHEPPARD,
11 WAYTE & CARRUTH LLP
   5 River Park Place East
12 Fresno, CA  93720-1501
13 Telephone: (559) 433-1300
   Facsimile: (559) 433-2300
14
15 Attorneys for Defendants
   AMERICAN INTERNATIONAL SPECIALTY
16 LINES INSURANCE COMPANY and AIG TECHNICAL SERVICES

17                    UNITED STATES DISTRICT COURT

18                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19  FOSTER POULTRY FARMS, a California Corporation, and FOSTER DAIRY FARMS, a California Corporation, | Case No. 1: 04 CV 5930 REC DLB |
| 20 | |
| 21 | **AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |
| 22                                Plaintiffs, | |
| 23       v. | Trial Date: May 9, 2006 |
| 24  AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska Corporation, and AIG TECHNICAL SERVICES, a Delaware Corporation, | The Honorable Robert E. Coyle |
| 25 | |
| 26 | The Honorable Dennis L. Beck |
| 27                                Defendants. | |
| 28 | |

AMENDED STIPULATION & ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION: CIV F045930 REC DLB

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate to the following to facilitate discovery and protect the confidentiality of and rights to information and documents disclosed in connection with this litigation:

1. ***Applicability of This Protective Order.***  All information, things, and documents filed with the Court or produced by any party or non-party in discovery or made available for inspection by any party or non-party in this action shall be governed by this Protective Order.

2. ***Use of Information Produced Pursuant to This Order.***  Information and material produced or exchanged in discovery or otherwise made available for inspection and copying in this case and designated by a party or non-party as "Confidential" pursuant to the terms of this Protective Order (hereafter, "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom the information is produced solely for the purpose of litigating this case.  Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the Designating Party or so ordered by a court. For purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is defined as the "Designating Party."  Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3. ***Inspection of Documents Pursuant to Initial Disclosures under Fed. R. Civ. P. 26(a).***  All documents and other materials made available by a party for inspection by an opposing party pursuant to Fed. R. Civ. P. 26(a) shall be deemed to be Confidential Material subject to the provisions of this Protective Order.  Inspection of such documents and/or materials prior to the marking of such documents and/or materials as Confidential shall not constitute a waiver of the right to designate such documents as Confidential Material pursuant to this Protective Order.

4. ***Confidential Information Designation.*** A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony or information that is filed with the Court or produced or made available in discovery in this action and is or contains information confidential to the Designating Party. In addition, any document, material, item, deposition testimony or information that is filed with the Court or produced in discovery in this action and that was marked or designated confidential pursuant to protective order and/or filed under seal in *Parker et al. v. Foster Farms Dairy et al.*, No. 02 CE CG 00815 (Fresno Co. Super. Ct. ) (the "*Parker* Action") shall be treated as confidential by the parties and designated as "CONFIDENTIAL" in this action in accordance with the procedures set forth in paragraph 5 below.

5. ***Designating and Marking Confidential Material.*** Confidential Material shall be designated and marked as follows:

    a. A document is to be designated as Confidential Material by stamping or writing on it the following legend: "CONFIDENTIAL." This legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material. If the first page or front cover of a document bears the "CONFIDENTIAL" legend, the parties shall treat the entire document as Confidential Material pursuant to this Protective Order.

    b. Information or material produced in a magnetic medium (such as floppy diskette or tape) is to be designated as Confidential Material by marking or labeling the medium container with the legend specified in subsection 5(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by that person or entity as Confidential Material in accordance with subsection 5(a) above or this subsection.

    c. A physical exhibit is to be designated as Confidential Material by affixing to it a label with the legend specified in section 5(a) above.

    d. A discovery response is to be designated as Confidential Material pursuant to the procedure specified in subsection 5(a) above.

    e. Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within thirty days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating the portions or entirety of the transcript as "CONFIDENTIAL." The letter or other notice shall cite this Protective Order and identify the pages and lines, and/or exhibits designated as Confidential Material. Each copy of the transcript and portions thereof so designated shall be marked by the person receiving the letter or other notice with the legend specified in subsection 5(a) above and shall be governed by the terms of this Protective Order.

    If a deposition or portion thereof is designated on the record during the deposition as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. The court reporter or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain Confidential Material. Copies of the separately bound portions of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material. When any such separately bound portion of the transcript is provided by the court reporter or videographer, it shall be provided in a separate, sealed envelope.

6. ***Inadvertent Misdesignation.*** A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or marks an item with an incorrect designation of confidentiality at or near the time of production shall have thirty days after discovery of the

4

inadvertent failure or mistake to correct such failure or mistake.  The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material.  Within thirty days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.  Likewise, where a receiving party or person discovers that another party or person seeks to produce or has produced documents containing material or information confidential to the receiving party or person, and yet such material or information has not been marked "CONFIDENTIAL," the receiving party shall be entitled to invoke the procedure for inadvertent misdesignation set forth in this section.

7. ***Disclosure of Confidential Materials.***  Information and material designated as "CONFIDENTIAL" may be disclosed only to the following persons unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

    a. Counsel for the parties to this litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel so long as such counsel and support personnel are apprised of and agree to be bound by the provisions of this Stipulation and Order;

    b. Consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation provided that each such person is not an officer, director or employee of any party, and provided that each such person executes a copy of the Certification attached to this Order.  Counsel disclosing Confidential Material to consultants or expert witnesses pursuant to this section shall provide a copy of each executed Certification to opposing counsel no later than the time at which expert information is exchanged by the parties;

    c. The Court, Court personnel and court reporters;

    d. Representatives of any named party to the litigation, provided that each representative understands and agrees to be bound by the terms of this Order; and

    e. Deposition witnesses, where at least one of the following conditions applies:

5

          i.  The witness is an employee or former employee of the Designating Party when the disclosure is made;

          ii.  the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

          iii.  the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material, or it is otherwise established that the witness has previously seen or received the Confidential Material or knows the information contained within it;

          iv.  the Designating Party has consented on the record of the deposition to the showing of the Confidential Material to the witness; or

          v.  the witness executes the Certification annexed to this Order before being shown the Confidential Material.

8. ***Use of Confidential Material by Designating Party.***  Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate.  Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to that Designating Party, including any present officer, director, employee, or representative thereof.

9. ***Jurisdiction.***  Each person receiving Confidential Material under the terms of this Protective Order, including persons signing the Certification attached hereto, agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or asserted violation of this Protective Order.

10. ***Protecting Confidential Materials.***  Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

11. ***Challenging Designation of Materials as Confidential.***  A party may challenge the designation of Confidential Material only as follows:

    a. If a party believes that material designated by another party as "CONFIDENTIAL" has not properly been so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement.  The parties shall then attempt in good faith to resolve such dispute informally.

    b. If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court.  The Designating Party bears the burden to establish that the contested material is confidential and is entitled to the level of confidentiality selected by the Designating Party.  The material involved shall be treated according to its original designation during the pendency of the challenge.

12. ***Submitting Confidential Materials to the Court.***

    a. Where a party or person seeks to submit documents to the Court which have been designated as Confidential Material by a party, or which quote or refer to the substance of any such materials designated as Confidential Material, the submitting party or person shall meet-and-confer with the Designating Party to determine whether such documents should be filed under seal.  If the parties cannot agree on whether or which portions or pages of any such materials should be filed under seal, the submitting party or person shall file the materials under seal, and the burden of showing good cause for the filing of such materials under seal shall rest with the Designating Party.

    b. Documents to be filed under seal shall be marked pursuant to the procedure specified in subsection 5(a), above, and submitted to the Court in sealed envelopes attaching to the outside cover of the envelope(s) a copy of the first page of

7

the document contained therein or other cover page or title page indicating its contents.

   c.   Where a party or person seeks to submit documents to the Court which have been designated as Confidential Material by the submitting party, the submitting party may, in its discretion, file such documents under seal.  Where a submitting party declines to file under seal documents submitted to the Court containing its own Confidential Material, the submitted material will no longer qualify for protection as Confidential Material under this Protective Order, except as set forth in section 6 of this Protective Order.

13.   ***Information Protected by Privilege, Work Product or Other Doctrine.***  The production of any information governed by this Stipulation and Order shall be without prejudice to any claim by the producing party or non-party that any such information is privileged or work product within the meaning of Fed. R. Civ. P. 26, and no party or non-party shall be held to have waived any such privilege or work-product rights by such production.  If, after documents have been produced, a claim of privilege or work-product protection is made in writing to each party to which the documents were produced, each such receiving party shall take reasonable steps to ensure that all copies of those documents are returned promptly to the producing party.  If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used.  To the extent, however, that, before being notified of the inadvertent production, the receiving party has in good faith used such information and/or data in documents filed with the Court or at depositions, the receiving party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition.

14.   ***Conclusion of Litigation.***  All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court.  Upon conclusion of the litigation, including the running of any time to appeal or to move

for relief under Fed. R. Civ. P. 60(B)(1)-(3), a party in possession of Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

15. *Use of Confidential Material During Court Proceedings.* If any Confidential Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

16. *Improper Disclosure of Confidential Materials.* If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately notify the Designating Party in writing of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

17. ***No Admissions.*** Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

18. ***Modification of Protective Order.*** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

SO STIPULATED:

DATED: September 7, 2005            HELLER EHRMAN LLP


                                    By /s/David M. Chaiken_____
                                       DAVID M. CHAIKEN

                                       Attorneys for Plaintiffs FOSTER POULTRY
                                       FARMS and FOSTER DAIRY FARMS.


DATED: September 7, 2005            McCORMICK, BARSTOW, SHEPPARD,
                                    WAYTE & CARRUTH LLP


                                    By /s/Anthony L. Osborn (authorized on 9/7/05)
                                       ANTHONY L. OSBORN

                                       Attorneys for Defendants
                                       AMERICAN INTERNATIONAL
                                       SPECIALTY LINES INSURANCE
                                       COMPANY and AIG TECHNICAL
                                       SERVICES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, a California Corporation, and FOSTER DAIRY FARMS, a California Corporation,<br><br>                              Plaintiffs,<br><br>   v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska Corporation, and AIG TECHNICAL SERVICES, a Delaware Corporation,<br><br>                              Defendants. | Case No.: CIV F045930 REC DLB<br><br>**ORDER APPROVING AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>Trial Date: May 9, 2006<br><br>The Honorable Robert E. Coyle<br><br>The Honorable Dennis L. Beck |

Upon stipulation of the parties, the parties' Amended Stipulation and Order for the Protection of Confidential Information is hereby **APPROVED** and **ADOPTED** as the Order of this Court.

**IT IS SO ORDERED**, this 8th day of September, 2005.


                                         /s/ Dennis L. Beck
                                    The Honorable Dennis L. Beck
                                    United States Magistrate Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER POULTRY FARMS, a California Corporation, and FOSTER DAIRY FARMS, a California Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska Corporation, and AIG TECHNICAL SERVICES, a Delaware Corporation,<br><br>          Defendants. | Case No.: CIV F045930 REC DLB<br><br>**CONSENT TO BE BOUND BY AMENDED STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION**<br><br>Trial Date: May 9, 2006<br><br>The Honorable Robert E. Coyle<br><br>The Honorable Dennis L. Beck |

I hereby acknowledge that I have read the Amended Stipulation and Order for the Protection of Confidential Information in this case, understand its terms, agree to be bound by them, and consent to the jurisdiction of the United States District Court of the Eastern District of California to enforce them.  I acknowledge that I will treat any Confidential Material I receive in this action strictly according to the terms of the Protective Order, and I understand that any unauthorized use of the Confidential Material I receive constitutes contempt of court.

Dated: _____          /s/_____